UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOLE STRAUBE,

      Plaintiff,

v.                                          Case No. 8:16-cv-49-T-24 AEP

MORAN FOODS, LLC d/b/a
Save-A-Lot Grocery Stores,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 11). Plaintiff opposes the motion. (Doc. No. 14). As explained below, the motion is granted.

**I. Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

**II. Background**

On May 14, 2014, Plaintiff Nicole Straube went to Defendant Save-A-Lot grocery store to do grocery shopping.  According to surveillance video of the store, a child dropped and spilled milk on the floor of the frozen food aisle at 6:16:13 p.m.  (Doc. No. 13; Doc. No. 14-1, depo. p. 20).  No one reported the spilled milk.

Approximately seven-and-one-half minutes later, at 6:23:50 p.m., Plaintiff walked down the frozen food aisle and slipped in the puddle of spilled milk.  (Doc. No. 13; Doc. No. 14-3, depo. p. 47; Doc. No. 14, ¶ 5).  Because both the floor and milk were white, Plaintiff could not see the milk on the floor before she slipped in it. (Doc. No. 14-3, depo. p. 37, 48).  As a result of the fall, Plaintiff hurt her back.

There is no evidence before the Court that Defendant knew about the spilled milk before Plaintiff slipped in it.  There were also no witnesses to Plaintiff's fall.  According to Plaintiff, there were two employees at the front of the frozen food aisle towards the front of the store putting away bread, but they did not see her fall because they were facing the other direction. (Doc. No. 14-3, depo. p. 49–50).

Plaintiff filed suit in state court, and the case was removed to this Court.  In her second amended complaint, Plaintiff asserts a negligence claim against Defendant for its failure to correct the hazardous condition or to adequately warn her of its existence and danger.

**III. Motion for Summary Judgment**

Defendant now moves for summary judgment, arguing that it cannot be held liable because it did not have actual or constructive knowledge of the puddle of milk before Plaintiff slipped in it.  Defendant bases its argument on Florida Statute § 768.0755, which provides the

following:

> If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
> (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1).

Thus, in order for Plaintiff to prevail on her negligence claim, she must prove that Defendant had actual or constructive knowledge of the spilled milk and should have taken action to remedy it. As previously stated, there is no evidence before the Court that Defendant had any actual knowledge that there was milk on the floor prior to Plaintiff's fall. Thus, Plaintiff must show that Defendant had constructive knowledge of the milk on the floor, which can be shown in one of two ways: (1) by showing that the milk was on the floor for such a length of time that, in the exercise of ordinary care, Defendant should have known of the spilled milk; or (2) by showing that spills occurred with regularity such that the spilled milk on the floor was foreseeable.

There is no evidence before the Court that spills on the floor occurred with such regularity that Plaintiff's fall was foreseeable. As a result, in order to prevail, Plaintiff must show that Defendant had constructive knowledge of the spilled milk due to the length of time—approximately seven-and-one-half minutes—the milk was on the floor prior to Plaintiff's fall. A review of the case law shows that Defendant is entitled to summary judgment because

3

the milk was not on the floor long enough to deem Defendant to have had constructive knowledge of the spill prior to Plaintiff's fall.

Courts have found that when a dangerous condition had existed for at least fifteen minutes, such could be considered evidence of the defendant's constructive knowledge of the dangerous condition. See Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So. 2d 302 (Fla. 1973). However, in cases where the dangerous condition had existed for less than fifteen minutes, courts have found that the condition did not last for a sufficient period of time to put the defendant on constructive notice of the condition. See Sanchez v. Sears, Roebuck & Co., 2015 WL 6599696, at *3 (S.D. Fla. Oct. 30, 2015)(concluding that a baby wipe on the floor for less than three minutes was not sufficient to put the defendant on notice of the dangerous condition); Walker v. Winn-Dixie Stores, Inc., 160 So. 3d 909, 912 (Fla. 1st DCA 2014)(concluding that water on the floor for less than four minutes was not sufficient to put the defendant on notice of the dangerous condition); Gaidymowicz v. Winn-Dixie Stores, Inc., 371 So. 2d 212, 214 (Fla. 3d DCA 1979)(concluding that detergent on the floor for, at most, five minutes was not sufficient to put the defendant on notice of the dangerous condition); Hill v. Ross Dress for Less, Inc., 2013 WL 6190435, at *5 (S.D. Fla. Nov. 26, 2013)(concluding that a loose piece of plastic on the floor for, at most, ten minutes was not sufficient to put the defendant on notice of the dangerous condition); Wilson v. Winn-Dixie Stores, Inc., 559 So. 2d 263, 264 (Fla. 2d DCA 1990)(concluding that detergent on the floor for, at most, fifteen minutes was not sufficient to put the defendant on notice of the dangerous condition).

Furthermore, there is evidence before the Court that Defendant had a policy in place for detecting dangerous conditions. Specifically, formal floor inspections were performed every

four hours. (Doc. No. 11-5, ¶ 8; Doc. No. 14-1, depo. p. 14; Doc. No. 14-2, depo. p. 9). There is also evidence before the Court that a floor inspection was done at 2:30 p.m. on the day of the incident—less than four hours before Plaintiff's fall. (Doc. No. 11-5, ¶ 8, 22).

Based on the above, the Court agrees with Defendant that Plaintiff has not shown that a genuine issue of material fact exists regarding Defendant's lack of knowledge of the dangerous condition. Likewise, Plaintiff has not shown that Defendant had a duty to warn her of a dangerous condition of which it did not have actual or constructive knowledge.

Plaintiff argues, however, that questions of fact exist that preclude summary judgment. For example, Plaintiff argues that there is a question of fact regarding whether any of Defendant's employees had actual knowledge of the spill prior to her fall, because there were two employees at the other end of the frozen food aisle putting away bread that could have been aware of the spill. However, this argument is undermined by Plaintiff's deposition testimony that these employees did not see anything because they were facing the other direction. (Doc. No. 14-3, depo. p. 50). Furthermore, Plaintiff does not provide the Court with any evidence other than her speculation that the employees may have seen the puddle of milk (that she, herself, did not see) prior to her fall.

Next, Plaintiff argues that even if those employees did not have actual notice of the spill, they were close enough to the spill such that they should have discovered the spill had they exercised reasonable care. Plaintiff, however, fails to cite to any authority for this argument. Furthermore, the Court notes that: (1) Plaintiff stated that she fell somewhere between the back of the aisle and the middle of the aisle (Doc. No. 14-3, depo. p. 36-40); (2) Plaintiff stated that the two employees putting away bread were located at the front of the aisle and looking in the

opposite direction (Doc. No. 14-3, depo. p. 49); and (3) the surveillance CD shows that the employees were several feet away from where Plaintiff fell (Doc. No. 13). Given this evidence, the mere presence of these employees is not sufficient evidence to allow a reasonable jury to conclude that Defendant should have been on notice of the spill. See Garcia v. Target Corp., 2013 WL 12101087, at *3 (S.D. Fla. Feb. 26, 2013)(concluding that evidence that employees were putting away clothes ten to fifteen feet away in a separate area of the store and who could not see the spill from where they were standing was not sufficient to allow a reasonable jury to conclude that the defendant should have been on notice of the spill).

  Next, Plaintiff argues that a question of fact exists, because there is no bright-line rule that if a dangerous condition exists for less than fifteen minutes, the defendant will not be deemed to have constructive knowledge of it.  However, Plaintiff fails to cite any authority finding that a defendant was deemed to have constructive knowledge of a dangerous condition that existed for less than eight minutes.

  Next, Plaintiff argues that a question of fact exists, because Defendant's employees gave conflicting deposition testimony regarding the number of employees on duty on the day in question—four employees versus ten.  Plaintiff contends that this disparity "creates a question of fact since the 'reasonable' frequency and scope of store inspection would be different for four (4) employees than it would be for ten (10) employees."  (Doc. No. 14).  The Court fails to see the merit of this argument.  Defendant had a policy that floor inspections would occur every four hours, and there is no reason why the number of employees on duty would or did affect this floor inspection policy.

  Next, Plaintiff argues that a question of fact exists, because Defendant's employees gave

conflicting deposition testimony regarding how long it would be reasonable for an unreported spill to go unnoticed; one employee said an hour and one employee said five minutes. However, Defendant's employees are not the authority for how long would be reasonable for an unreported spill to go unnoticed, and relevant case law contradicts their opinions.

## IV.  Conclusion

Plaintiff has failed to show that genuine issues of material fact exists that would preclude summary judgment. Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Defendant's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**.

(2)  The Clerk is directed to enter judgment in favor of Defendant and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of October, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record